## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **DALVINY JOHNSON** | * | **CIVIL NO.  2:21-cv-1723** |
| | * | |
| **PLAINTIFF** | * | |
| | * | **SECTION** |
| **VERSUS** | * | |
| | * | |
| | * | **JUDGE** |
| **WINN-DIXIE MONTGOMERY, LLC,** | * | |
| **WINN-DIXIE STORES, INC., and XYZ** | * | |
| **INSURANCE COMPANY** | * | **MAGISTRATE JUDGE** |
| | * | |
| **DEFENDANTS** | * | |
| | * | **A JURY TRIAL IS DEMANDED** |
| | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## <u>NOTICE OF REMOVAL</u>

TO:   The Honorable Judges
of the United States District Court
for the Eastern District of Louisiana

Defendants, Winn-Dixie Montgomery, LLC and Winn-Dixie Stores, Inc. (collectively "Defendants"), through undersigned counsel and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, hereby file this Notice of Removal of the action entitled "*Dalviny Johnson v. Winn-Dixie Montgomery, LLC; Winn-Dixie Stores, Inc.; and XYZ Insurance Company*," Docket No. 76,784, Division "B," on the docket of the 40th Judicial District Court for the Parish of St. John the Baptist, State of Louisiana. In support of this Notice of Removal, Defendants respectfully represent the following:

1.

On May 12, 2021, the attached Petition for Damages was filed in the 40th Judicial District Court for the Parish of St. John the Baptist, State of Louisiana, entitled *Dalviny Johnson v. Winn-Dixie Montgomery, LLC; Winn-Dixie Stores, Inc.; and XYZ Insurance Company*, Docket No. 76,784, Division "B."[1]  Plaintiff, Dalviny Johnson ("Plaintiff"), alleges that she was a patron at a Winn-Dixie store on May 9, 2020 when "she was tripped by an uncommonly dangerous large rug on the floor of the store's entrance/exit which caused her to fall."[2] As a result of the alleged trip and fall, Plaintiff alleges that she "suffered and permanent injuries" including, but not limited to her right knee.[3]

2.

Defendant, Winn-Dixie Montgomery, LLC, filed an Answer to the Petition for Damages on June 25, 2021.[4]

3.

Plaintiff did not plead a monetary sum for damages, nor did Plaintiff allege that her damages exceeded the requisite amount for federal jurisdiction pursuant to 28 U.S.C. §§ 1332. On June 25, 2021, Defendants propounded Requests for Admission to determine the extent of Plaintiff's alleged injuries relative to the amount in controversy.[5]

---

[1] *See* Plaintiff's Petition for Damages, attached as Exhibit "A."
[2] *Id.* at ¶¶ 3-4.
[3] *Id.* at ¶ 7.
[4] *See* Defendant's Answer to Petition for Damages, attached as Exhibit "B."
[5] *See* Requests for Admissions propounded upon Plaintiff, attached as Exhibit "C.".

4.

Plaintiff provided Responses to Request for Admissions on August 19, 2021.  In her Responses to the Requests for Admission, Plaintiff averred that the amount in controversy will exceed $75,000.00.[6]

5.

Plaintiff's Responses to Requests for Admission qualify as "other paper" pursuant to 28 U.S.C. §1446(b)(3).[7]

6.

Defendants desire to have this matter removed from the docket of the 40th Judicial District Court for the Parish of St. John the Baptist, State of Louisiana pursuant to the provisions of 28 U.S.C. § 1332 *et seq.* and 28 U.S.C. § 1446 *et seq.*

7.

This Honorable Court has original jurisdiction of the matter under 28 U.S.C. § 1332, and therefore, this action is removable on the basis that:

A.    The properly-joined parties to this action are completely diverse:

1.    Plaintiff, Dalviny Johnson, is a person of the full age of majority and domiciled in the State of Louisiana;[8]

2.    Defendant, Winn-Dixie Montgomery, LLC is a single member limited liability company whose sole member is Winn-Dixie Stores, Inc., which is incorporated and has its principal place of business in Florida;

---

[6] *See* Plaintiff's Responses to Requests for Admissions, attached as Exhibit "D."
[7] *See Freeman v. Witco Corp.,* 984 F.Supp. 443, 447 (E.D. La. 1997) (plaintiff's response to a request for admission constituted "other paper" pursuant to §1446(b)).
[8] *See* Plaintiff's Petition for Damages, attached as Exhibit "A."

3.   Defendant, Winn-Dixie Stores, Inc., is a Florida corporation with its principal place of business in Florida.

4.   Defendant, XYZ Insurance Corporation, was also named by Plaintiff as a placeholder party. However, Winn-Dixie Montgomery, LLC, states that it maintains a self-insured retention in an amount believed to be more than sufficient to cover the damages alleged if and when liability is found on the part of Defendants.

B.   The amount in controversy herein exceeds the sum of $75,000.00, exclusive of interest and costs.

1.   The Fifth Circuit has explained that for purposes of establishing removal jurisdiction, a defendant may demonstrate that the amount in controversy exceeds $75,000.00, "in either of two ways: (1) by demonstrating that it is 'facially apparent' from the petition that the claim likely exceeds $75,000 or (2) 'by setting forth the facts in controversy – preferably in the removal petition, but sometimes by affidavit – that support a finding of the requisite amount.'"

2.   In *Simon v. Wal-Mart Stores*, 193 F.3d 848, 850 (5th Cir. 1999), the Fifth Circuit held that a removing defendant must establish by a preponderance of the evidence that the amount in controversy exceeds $75,000.00. **While Defendants admit no liability, medical causation, or any element of damages,** the Responses to Requests for Admission from Plaintiff, Dalviny Johnson, admit that the amount in controversy exceeds the $75,000.00 threshold.

8.

Defendants have filed this Notice of Removal within 30 days of receipt of Plaintiff's

Responses to Requests for Admission.  Accordingly, the Notice of Removal is timely pursuant to

28 U.S.C. §1446(b)(3), which provides "if the case stated by the initial pleading is not

removable, a notice of removal may be filed within 30 days after receipt by the defendant,

through service or otherwise, of a copy of an amended pleading, motion, order *or other paper*

from which it may first be ascertained that the case is one which is or has become removable."

9.

The 40th Judicial District Court for the Parish of St. John the Baptist, State of Louisiana,

is located within the Eastern District of Louisiana pursuant to 28 U.S.C. § 98.  Therefore, venue

is proper in accordance with 28 U.S.C. § 1441(a) because it is the "district and division

embracing the place where such action is pending."

10.

Pursuant to 28 U.S.C. § 1446(a), copies of pleadings from the trial court record are

attached hereto and marked for identification as Exhibits "A" and "B."  Defendants will timely

produce all copies of process, pleadings, and orders pursuant to U.S. Eastern District Court Local

Rule 3.2.[9] Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served

upon Plaintiff and a copy is being filed with the Clerk of Court for the 40th Judicial District

Court for the Parish of St. John the Baptist, State of Louisiana.

11.

No previous application has been made for the relief requested herein.

---

[9] Due to the impacts and aftermath of Hurricane Ida, Defendants have been unable to obtain copies of process and service to date. The 40th Judicial District Court for the Parish of St. John the Baptist was closed from August 30, 2021 through September 19, 2021. Defendants will continue to diligently work to obtain copies of process and service pursuant to 28 U.S.C. § 1444(d).

12.

The Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and Uniform Local Rules of the District Courts.

13.

Defendants, Winn-Dixie Montgomery, LLC, and Winn-Dixie Stores, Inc., are entitled to and respectfully request a trial by jury on all issues.

**WHEREFORE**, removing defendants, Winn-Dixie Montgomery, LLC, and Winn-Dixie Stores, Inc., pray that the above action now pending in the 40th Judicial District Court for the Parish of St. John the Baptist, State of Louisiana, be removed therefrom to this Honorable Court.

Respectfully submitted,

/s/ *Samantha Babin Simmons*
DEVIN FADAOL (Bar No. 26878)
SAMANTHA B. SIMMONS (Bar No. 37576)
**McCRANIE, SISTRUNK, ANZELMO,**
**HARDY, MCDANIEL & WELCH**
195 Greenbriar Boulevard, Suite 200
Covington, Louisiana  70433
Telephone: (504) 831-0946
Facsimile: (800) 977-8810
Email:  dfadaol@mcsalaw.com
Email:  ssimmons@mcsalaw.com
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on the 20th day of September, 2021, I electronically filed the foregoing with the Clerk of Court for the Eastern District of Louisiana using the CM/ECF system and notice of this filing will be sent to all counsel of record either by depositing a copy of same in the United States mail, first-class postage prepaid or by e-mail or by facsimile transmission.

*/s/ Samantha Babin Simmons*